[No. 8879.   Department Two.   July 16, 1910.]

CASCADE PUBLIC SERVICE CORPORATION, *Successor to A. C. Corbett, Appellant*, v. FANNIE M. RAILSBACK, *Executrix, etc., Respondent, and* NISQUALLY. POWER COMPANY, *Intervener.*[1]

PUBLIC LANDS — HOMESTEAD — CONVEYANCE BEFORE FINAL PROOF. Under U. S. Rev. St. §§ 2290, 2291, the transfer of any interest in a homestead before final proof, except as expressly authorized by law, is contrary to public policy and void.

SAME—RIGHT OF WAY — WATER RIGHTS — STATUTES.   The alienation by a homesteader, before final proof, of a right of way for a water flume to convey water for power purposes is void, since it is not within U. S. Rev. St. § 2288, as amended by 26 St. at L. 1097, authorizing the conveyances of a right of 'way for railroads, canals, reservoirs, or ditches "for irrigation or drainage across it," nor would the conveyance of the "water right" be within said statute.

SAME—TRANSFERS RATIFIED AFTER FINAL PROOF—SPECIFIC PERFORMANCE.   A contract for the conveyance of an interest in a homestead, void because made before final proof, is not ratified or rendered valid by a tender of performance and the acceptance of part of the purchase price, after final proof, so as to authorize specific performance of the contract, since the plaintiff is relying on the original contract, which was against public policy and unenforcible regardless of consideration by the court of the parties to it.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered December 17, 1909, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action for specific performance.   Affirmed.

*Geo. M. Sinclair* (*George D. Emery*, of counsel), for appellant.

*Stallcup & Keyes*, for respondent.

*Hayden & Langhorne*, for intervener.

[1]Reported in 109 Pac. 1062.

RUDKIN, C. J.—On the 10th day of July, 1905, the defendant Warren entered into a contract with the plaintiff, Corbett, whereby, in consideration of the sum of $1,250, the former agreed to convey to the latter,

"A strip and parcel of land one hundred feet wide hereafter to be surveyed in the northwest quarter of the southeast quarter, and the southwest quarter of the northeast quarter and lot two of section four, township fifteen, north range four, east of the Willamette Meridian. . . . Said strip of land to be used for a right of way for a water flume to convey the waters of the Nisqually river from a point of diversion to be selected by A. C. Corbett, above and south of said premises to some point on said river either in or below said premises, said water so conveyed to be used for power purposes for generating electricity or other power, as the said A. C. Corbett, his heirs or assigns may desire."

One hundred dollars of the purchase price was paid at the execution of the contract, and the balance was to be paid on the execution of a deed within thirty days thereafter. On the 5th day of August, 1905, an additional $250 was paid on the purchase price, and the time for full and complete performance of the contract was extended for a period of sixty days from and after the 10th day of August, 1905. The complaint alleged a survey and selection of the right of way, a tender of full performance of the contract on the part of plaintiff on the 7th day of October, 1905, and again on the 4th day of December, 1905, a refusal to perform on the part of the defendant, and prayed for specific performance. The Cascade Public Service Corporation was later substituted as plaintiff, as successor in interest to the original plaintiff, and the Nisqually Power Company intervened as successor in interest to the defendant. At the time this contract and extension were entered into, the defendant Warren was an occupant of the land over which the proposed right of way was granted, under the homestead laws of the United States, and did not make his final proof until the 28th day of September, 1905. The court below seems to have decided the case against

the plaintiff on the pleadings, holding that the contract between Warren and Corbett was in contravention of the laws of the United States and void, but the case was nevertheless heard on the facts, apparently for the purpose of making a record for this court. At the close of the trial, a final judgment was entered in favor of the defendant and intervener, from which this appeal is prosecuted.

Section 2290 of the Revised Statutes of the United States provides that a person applying for the entry of a homestead claim shall make affidavit, that, among other things, "Such application is made for his exclusive use and benefit, and that his entry is made for the purpose of actual settlement and cultivation, and not either directly or indirectly for the use or benefit of any other person." Section 2291 prescribes the time and manner of making final proof, and requires the applicant to make affidavit, "that no part of such land has been alienated, except as provided in section twenty-two hundred and eighty-eight."

Section 2288, as amended by the act of 1891, provides that,

"Any *bona fide* settler under the pre-emption, homestead, or other settlement law shall have the right to transfer, by warranty against his own acts, any portion of his claim for church, cemetery, or school purposes, or for the right of way of railroads, canals, reservoirs or ditches for irrigation or drainage across it; and the transfer for such public purposes shall in no way vitiate the right to complete and perfect the title to his claim." 26 Stats. at Large, ch. 561, page 1097.

It is firmly established that any contract or agreement by a homesteader to transfer his claim or any interest therein, before final proof, except as expressly authorized by the laws of the United States, is contrary to public policy and void.

In *Mellison v. Allen*, 30 Kan. 382, 2 Pac. 97, the court, speaking through M. Justice Brewer, said:

"On the other hand, it is contended that the homestead is a gift from the government to the homesteader, conditioned upon his occupation for five years, and upon his making no disposition or alienation during such term; that the affidavit

of nonalienation is as clear an expression of the legislative intent as a direct prohibition; that the whole policy of government in this respect would be thwarted if the homesteader were permitted to alienate prior to the expiration of the five years; that a successful alienation could be accomplished only by perjury, and an attempted alienation would only offer a constant inducement to the homesteader to abandon his occupation, and thus deprive the purchaser of any possibility of acquiring title to the land; that a contract whose consummation necessarily rests on prejury is illegal, that both purchaser and vendor are parties to the wrong, and that courts refuse to enforce such a contract, not from any regard to the vendor, but from motives of public policy; and finally, that courts of equity have always exercised a discretion in enforcing the specific performance of contracts to convey, and that it would be strange indeed if a court of equity lent its aid to enforce the performance of a contract founded upon perjury and entered into in defiance of a clearly expressed will of the government. We think the latter reasoning correct, and that, whether the contract be absolutely void or not, it is so clearly against the will and policy of the government, and so necessarily resting upon perjury, that a court of equity will have nothing to do with it."

This language was later quoted with approval by the same learned justice, speaking for the supreme court of the United States in *Anderson v. Carkins*, 135 U. S. 483. It is equally clear that the right of way in question does not fall within the provisions of the amendment to section 2288. The words "canals reservoirs or ditches" are qualified by the words "for irrigation or drainage across it," and it is not claimed or pretended that the ditch in question was for either of these purposes. Furthermore, under its contract the appellant claims not only the right of way, but also the right to divert the water from the homestead claim. Indeed, it is conceded that the water right is the principal element of value in the contract, and a transfer of that right, before final proof, is clearly prohibited by law.

The appellant does not seriously contend that the original contract was valid, but it does contend that the contract was

ratified by a tender of performance and the acceptance of a small payment on the purchase price, after final proof. But, aside from the fact that the tender and acceptance of a payment under the contract are denied, the appellant is here relying upon the original contract and the extension agreement, without which it has no standing in court. It is not out of consideration for the parties that the courts refuse to enforce such a contract as this, but on grounds of public policy, and, so long as the void contract is the basis of the right of action, courts will leave the parties where it finds them. *Reed v. Johnson*, 27 Wash. 42, 67 Pac. 381, 57 L. R. A. 404.

The judgment of the court below is therefore affirmed.

MOUNT, CROW, and DUNBAR, JJ., concur.