[No. 9340.  Department Two.  August 8, 1911.]

METHOW CATTLE COMPANY, *Appellant,* v. W. E. WILLIAMS
*et al., Respondents.*[1]

WATERS AND WATER COURSES—CONTRACTS—RIGHT OF WAY FOR
DITCH—PAROL LICENSE—REVOCATION — WHO MAY QUESTION.  Where
the owner of lands gave a right of way for a ditch in consideration
of an agreement for water for irrigation purposes, the water to be
taken out on his own land, the owner of the ditch cannot defeat
such taking and use by invoking the rule that permission to main-
tain the ditch was revocable at will as a parol license, or void as
attempting to create an interest in lands by parol, within the
statute of frauds; since the water in the ditch was subject to an
agreement for its use as any other personal property.

PUBLIC LANDS — HOMESTEAD — ALIENATION — GRANT OF USE FOR
WATER DITCH.  The grant of a right of way for a ditch across public
lands in possession of a homesteader before final proof, in consid-
eration of the right to take and use water from the ditch, is not
an alienation of the ·land within the purview of U. S. Rev. St.
§ 2288; and the owner of the ditch cannot invoke the rule that
the contract for water was void as against public policy, in order
to defeat the taking and use of the water pursuant to the .contract.

WATERS AND WATER COURSES—IRRIGATION—USE—RELIEF.  Equity
will not, at the suit of a riparian owner, restrain the use of water
diverted from a creek and required for irrigation by an adjoining
owner, where ample water is left for all uses of the riparian
owner, who suffers no damage from the diversion complained of.

Appeal from a judgment of the superior court for Okan-
ogan county, Taylor, J., entered August 22, 1910, upon
findings in favor of the defendants, after a trial on the merits
before the court without a jury, in an action to enjoin the
use of the waters of a creek for irrigation purposes.  Af-
firmed.

*Smith & Gresham,* for appellant.

*Burton & Jennings,* for respondents.

MORRIS, J.—This is a controversy involving the rights of
the parties to the use of a water ditch, for the flow of water

[1]Reported in 117 Pac. 239.

from Beaver creek in Okanogan county, for irrigation of their respective lands. The lands of the appellant are riparian to Beaver creek; those of respondent are not. This is, however, of no determinative value to the issues involved. The lands of appellant are situate in sections 2 and 11; those of respondent in sections 12 and 13; all in same township and range; so that respondents' lands lie in a generally southeasterly direction from appellant's. Respondents settled upon their lands in 1896 and, in the same year, they surveyed a ditch from a point on Beaver creek in the southwest quarter of section 2, across section 11 and over and upon their lands, for the purpose of conveying water from Beaver creek to their lands for irrigation purposes and domestic use. In the same year J. A. Stewart, seeking water for power purposes in the operation of the Red Shirt mine, surveyed and built the ditch in question, known as the Red Shirt ditch. This ditch tapped Beaver creek at the same point as the ditch previously surveyed by respondents, and followed the same general direction down to and over the lands of appellant and respondents. All these lands were unsurveyed public lands at the time, not yet having been thrown open to private entry, although in the possession of respondents and the grantors of appellant, to whom the lands were subsequently respectively patented, all of whom consented to the appropriation of water by Stewart.

The consideration for the right of way of this ditch, over the lands of respondents and those now owned by appellant, was the right to take therefrom and use water for irrigation purposes; respondents further agreeing to keep the ditch in proper repair across their premises. Respondents, upon making this agreement with Stewart, abandoned their ditch, and Stewart built the Red Shirt ditch, putting in diversion gates upon respondents' lands to enable them to take water therefrom. Respondents have continually used water from this ditch for irrigation and domestic purposes, and have assisted in keeping the same in repair from 1896 up to the

present.  The Red Shirt mine was abandoned later, and the ditch and its water rights have been conveyed to appellant, and this action has been instituted by it to enjoin respondents from any use of the ditch or the waters of Beaver creek. The court below has made extensive findings, all of which, in so far as they are determinative of the issue, are excepted to by appellant.  We cannot, however, review them in this opinion.  It is sufficient to say we find them sustained by the record, and as they are made upon sharply contested facts, we accept them as our findings, following the rule so oft announced in cases of this character.

Appellant raises several questions of law which we will now consider.  It contends that the right to the use of the ditch and its waters is, in effect, a parol license, creating or attempting to create an interest in land, and hence within the statute of frauds and controlled by *Hathaway v. Yakima Water Power Co.*, 14 Wash. 469, 44 Pac. 896, 53 Am. St. 847, and *Rhoades v. Barnes*, 54 Wash. 145, 102 Pac. 884, both of which hold that a parol license, to be exercised upon the land of another, creates an interest in land and is within the statute of frauds, and revokable at any time irrespective of any performance under the license.  We still so hold.  But such rule has no application here.  The land, as between the parties to the agreement, Stewart and respondents, was the land of respondents; and when Stewart permitted him to take water from the Red Shirt ditch, in payment of a right of way across the lands, and in further consideration of keeping the ditch in repair, it was in no sense the granting of a license to be exercised upon the land of another.  The lands were the lands of respondents, and no agreement with Stewart could create in respondents any license or interest to be exercised upon their own lands.  If the positions were here reversed, and respondents sought to prevent the maintenance of this ditch across their lands, the rule contended for by appellant might prove a defense in respondents to the assertion of the original parol agreement.  Such, however, is not

the case, and such a doctrine is not suggested here by any one entitled to raise it. Water is sometimes held to be real estate, and to pass by grant as the right of a riparian owner to the natural flow of a stream across his lands, a right so inseparably annexed to the soil as to pass with it, not as an easement or appurtenance, but as part and parcel of the land itself. *Benton v. Johncox*, 17 Wash. 277, 49 Pac. 495, 61 Am. St. 912, 39 L. R. A. 107.

But we have no such situation here, and are not dealing with riparian rights, nor the flow of waters in their natural channel. Water in an artificial ditch is private and personal property, and as such, is subject to an agreement for its sale or use as is any other kind of personal property. Wiel, Water Rights, § 154. There is no legal barrier to an exchange of water for a right of way for a ditch, and the water so agreed upon is as much the property of the person to whom it is given as the money that paid for the right of way, if so purchased.

It is next said that this water was taken by Stewart for power purposes, and under the rule announced in *Cascade Public Service Corporation v. Railsback*, 59 Wash. 376, 109 Pac. 1062, that the alienation by a homesteader before final proof, of a right of way for a water flume to convey water for power purposes, is void as not within the rights of alienation granted under homestead settlement. Here, again, appellant is seeking to set up a defense for respondents, should respondents question the right to maintain this ditch across their lands. But no such question is here made an issue, nor are respondents seeking to deprive this ditch of its right of way across their lands. Rather are they seeking to maintain it, and it would hardly be equitable to use as a club against them that which was granted as a shield for their protection. Nor could the question of public policy of such a rule be here invoked, as the right of way is not here made the basis of any right of action. In any event, the permission to cross respondents' lands without cost other

than the use of water was in no sense an alienation of land, and hence not within the purview of U. S. Rev. Stats., § 2288, which furnishes the basis for the rule announced in the *Railsback* case; since the ownership of the ditch includes no ownership of the soil, nor of any fee in the land, but consists only of a right of way over the land. Wiel, Water Rights, § 151.

As between the parties hereto, there is no scarcity of water in this ditch. Each can obtain ample for his needs, and each is, by the decree of the court below, awarded all the water required for irrigation; the appellant, by reason of its riparian rights on Beaver creek, being given the priority. It is, therefore, difficult to discover how respondents' use of the ditch and its waters does any damage, irreparable or otherwise, to appellant. So far as the parties now before us are concerned, we see no denial of equity in the rights to the ditch and its waters as fixed in the decree.

Other questions are suggested, but we do not think it necessary or useful to discuss the matter further. The judgment is affirmed.

DUNBAR, C. J., ELLIS, CROW, and CHADWICK, JJ., concur.