(October 5, 1912.)

## CHARLES H. FUREY, Appellant, v. SAMUEL F. TAYLOR, Jr., et al., Respondents.

[127 Pac. 676.]

EVIDENCE—REVIEW—PERMIT TO APPROPRIATE WATER—STATE BOARD OF EQUALIZATION—POWER—STATE LAND—SALE.

(Syllabus by the court.)

1. Under the provisions of sec. 4434, Rev. Codes, as amended, Laws 1911, p. 379, and Rule 54 of this court, the transcript of the evidence certified to by the stenographer must be settled by the trial judge in order to have the same reviewed upon an appeal to this court.

2. Where an objection to the transcript, upon the ground that the same does not show that the evidence transcribed by the stenographer was settled by the trial judge, is made for the first time in this court when the cause is brought on for hearing upon the argument upon the merits, such objection will not be considered, because such objection is not made in the manner prescribed by Rule 54 of the rules of this court.

3. Under the constitution and laws of this state, a person desiring to appropriate the water of a stream within this state may do so either by actually diverting the water and applying it to a beneficial use, or he may pursue the statutory method by posting and recording his notice and commencing and prosecuting his work within the statutory time, and to make an appropriation under the constitution and statute, an appropriation may be made and completed, although a permit to make such appropriation is not secured from the state engineer by the person desiring to make such appropriation.

4. Where a decree is entered in the district court determining the priorities of appropriations by the parties to such suit, and in such decree F. is awarded 590 inches of the waters of Big Lost river, and 130 inches of the waters of Pass creek, a tributary of Big Lost river, and after such decree is rendered F. is unable to secure the water adjudged him by reason of others taking such property, and by reason of being unable to conduct the same through the ditches of F., and F. makes an appropriation of 350 inches additional water from Pass creek, and such water so appropriated by F. was surplus water in said creek and unappropriated by any other person, and such water so appropriated is applied to a beneficial use upon the lands of F. upon which he was adjudged the priority in the case adjudicated, and F. uses said water because he is unable to get any other water upon his said land continuously after such appropriation for the period of four years, such water becomes an appurtenance to his land, and is not subject to appropriation by a subsequent appropriator who attempts to appropriate the same out of Pass creek.

5. *Held,* in this case, that the evidence is insufficient to support the findings and judgment of the trial court.

APPEAL from the District Court of the Sixth Judicial District for Custer County. Hon. J. M. Stevens, Judge.

An action to determine the relative rights of appropriators of water. *Reversed.*

Hawley, Puckett & Hawley, for Appellant.

The appellant being the prior appropriator of the 350 inches claimed by him and as shown by a preponderance of the evidence, and having applied the same to a beneficial use in growing crops, although he never applied to the state engineer for a permit or procured a permit or license from the state engineer, his right is superior and paramount to any right that a subsequent appropriator can procure without regard to any decree of court decreeing waters to the same land from another source. The only question that defendants could raise in this action is as to appellant's diversion and application of the water claimed by him to a beneficial use, and the date thereof. (*Nielson v. Parker,* 19 Ida. 727, 115 Pac. 488.)

Clark & Budge, for Respondents, cite no authorities.

STEWART, C. J.—This action was brought by the appellant against the respondents for the purpose of determining the relative rights of the appellant and the respondents to the waters of Pass creek, which empties into Big Lost river, in Custer county. The cause was tried to the court, findings of fact and conclusions of law were made, and a decree entered: First, that the appellant is not entitled to any relief, and that his cause of action should be dismissed; second, that the respondents are entitled to a decree establishing their rights in and to the use of water from Pass creek under dates of priority as follows: S. F. Taylor, Jr., two cubic feet per second of time, date of priority May 8, 1907; J. H. Diers, two and four-tenths cubic feet per second of time, date of priority December 16, 1907; Susie J. Diers, six and four-tenths cubic feet per second of time, date of priority December 16, 1907. This appeal is from the judgment.

The appellant urges but one question upon this appeal, and that is, the sufficiency of the evidence to sustain the findings and judgment.

Upon the hearing in this court counsel for respondents object to the consideration of the sufficiency of the evidence to sustain the judgment, for the reason that the evidence is not attached to the transcript, and that it appears from the record that the evidence, as certified to by the stenographer, was filed with the clerk separately and has never been settled by the judge of the court. While it is true that the transcript does not show that the evidence transcribed by the stenographer was settled by the trial judge, as required by the statute, yet this objection is made for the first time at the time the case was set for hearing upon its merits, and was not made at the time prescribed by the rules of this court by proper motion, and for that reason the same will not be considered, and the case will be heard upon its merits. Counsel, however, should not, in taking an appeal, overlook the provisions of the statute, sec. 4434, Rev. Codes, amended Laws 1911, p. 379, and the decision of this court in the case of *Grisinger v. Hubbard,* 21 Ida. 469, 122 Pac. 853, also Rule 54 of this court.

The facts in this case, as shown by the record, are as follows: An action was brought in the sixth judicial district of the state of Idaho for Custer county, entitled *S. T. Moe et al. v. Henry Harger et al.*, for the purpose of determining the relative rights of all the water users of the Big Lost river and its tributaries, and a decree was entered therein whereby Charles H. Furey was adjudged 130 inches of the water of Pass creek, a tributary of Big Lost river, the appropriation dating from June 1, 1883. In said action Charles H. Furey was also adjudged the right to appropriate 590 inches of the water from Big Lost river, and that all of said water so adjudged was applied to a beneficial use upon the same lands upon which appellant claims in the present action the right to appropriate 350 inches from Pass creek as an additional appropriation to be used upon the same land.

The record also shows the date of the decree in the Moe-Harger case to be somewhat uncertain; the transcript does not contain a copy of the decree, neither is the decree certified to this court as an exhibit; but from the oral testimony it appears that the decree was entered in the winter of 1903. Furey owns the same lands now and irrigates the same as he did when such decree was entered. After such decree was entered the appellant, Furey, located 350 inches more of the surplus water in Pass creek, and placed the notice of location on record at the county seat, and constructed a ditch made to carry the same onto his lands, and posted a notice of appropriation at the point of diversion. He did not, however, make any application to the state engineer for a permit to make such appropriation. The notice of appropriation was posted at a point on Pass creek about a mile from the appellant's land, and he diverted the water through the ditch prior to the date of notice, February, 1903, and commenced using it on said land in March, 1903. His land required the use of such water and it was actually used by him on the land for a beneficial use, and was necessarily used for irrigation and cultivation of his lands continuously up to the time the defendants interfered with the use by diverting said water to lands of the respondent in the years 1909 and 1910.

The defendants, it appears, made application to the state engineer for a permit to appropriate the waters of Pass creek for use upon lands owned by the respondents as follows: Samuel F. Taylor, May 8, 1907, four cubic feet per second of the waters of Pass creek; J. H. Diers and Susie J. Diers, December 16, 1907, nine and one-half cubic feet per second of the waters of said Pass creek; and under said permit said defendants constructed ditches and diverted water and appropriated the same to a beneficial use upon the lands owned by them, and in the decree rendered in this case the court adjudged that the defendant, Samuel F. Taylor, was the owner and entitled to the possession of four cubic feet per second of time of the water of Pass creek, and that J. H. Diers is the owner and entitled to the possession of two and four-tenths cubic feet per second of the waters of Pass creek, and that Susie J. Diers is the owner and entitled to the possession of six and four-tenths cubic feet per second of time of the waters of Pass creek, and that Charles H. Furey, the appellant, is barred from any and all claim or right or title to the waters of Pass creek, in so far as such claim may conflict with the rights of the other defendants as herein decreed.

Without setting out the evidence in full, or referring to the testimony of the different witnesses, this court is of the opinion that there is considerable conflict in some immaterial matters involved in the case, but upon the essential questions which govern the solution of the respective rights, there is no substantial conflict. The record shows that in the suit of Moe against Harger, rendered in 1903, the appellant was adjudged in that action the right to appropriate 590 inches of the water of Big Lost river, for use upon the lands that he then owned and now owns, and that when such decree was rendered the appellant's right of priority, as to the parties to the suit, was settled as of the dates described in the decree.

The evidence also clearly shows that after the decree was entered in the Moe-Harger case, the appellant was unable to secure, under such decree, the water decreed the appellant, that is, the 590 inches; that other parties took the water al-lotted to the appellant, and that the appellant for that rea-

son was unable, without considerable expense and other necessary litigation, to secure the right conferred upon him by the decree. It is also shown that his ditches were in such condition after the decree was entered in the Moe-Harger case that they would not carry, without considerable expenditure, the allotment made by such decree, and because of such facts he made his appropriation from Pass creek in 1903, and applied the water to the cultivation and irrigation of his said lands; and that after he had made the appropriation of 350 inches in 1903, from Pass creek, he continuously used said water on his land, and that this continued use was necessary to properly irrigate his land, and continued from the date the appropriation was made up to the time the respondents in this case made the appropriation, and the use of said water was interfered with by the respondents.

Under this state of facts it is clear that at the time the appellant made the appropriation in 1903 there was water flowing in Pass creek which was unappropriated water, and that the appropriation made by the appellant was not at that time claimed by the defendants or any other person adverse to the appellant. The fact that at that time appellant made no application for a permit to the state engineer to make such appropriation did not affect the validity of such appropriation after actually made and applied to a beneficial use by the appellant. In the case of *Nielson v. Parker*, this court had under consideration the identical question involved in this case and approved the rule announced in the case of *Sand Point etc. Co. v. Panhandle etc. Co.*, 11 Ida. 405, 83 Pac. 347, as follows:

"A person desiring to appropriate the waters of a stream may do so either by actually diverting the water and applying it to a beneficial use, or he may pursue the statutory method by posting and recording his notice and commencing and prosecuting his work within the statutory time."

In the *Nielson v. Parker* case, 19 Ida. 727, 115 Pac. 488, the court in its opinion draws a distinction between an appropriation made by actually diverting the water and applying it to a beneficial use, and an appropriation made under the

statute by posting and recording the notice and prosecuting the work in accordance with the statutory provisions, as follows: "The only difference between an appropriation initiated by posting notice and one initiated by diversion and application of the waters, is that the appropriator who claims under notice is allowed the extra sixty days within which to commence his work and reasonable time thereafter in which to complete the same."

So in the present case, the appellant having made an appropriation of 350 inches from the water flowing in Pass creek by actually diverting the water and applying the same to a beneficial use, such appropriation was legal and clearly authorized by sec. 3, art. 15, of the constitution and the provisions of the statute, notwithstanding the fact that application was not made to the state engineer to prosecute such appropriation. If, then, the appellant's appropriation in 1903 was valid, and appellant continuously used said water for a beneficial use, there can be no question as to the legality of such appropriation, and that such water became an appurtenance to appellant's land. Respondents, however, claim that the appellant had no right to make such appropriation, for the reason that he had sufficient water under the decree rendered in his favor in the Moe-Harger case. The decree in the Moe-Harger case in no way prohibits the appellant from making other appropriations of unappropriated water after such decree was rendered, if under such decree he could not get sufficient water to properly irrigate his land.

There is nothing in the decree in the Moe-Harger case, nor is there any statutory provision which in any way prevented the appellant from abandoning the appropriation adjudicated to him in the Moe-Harger decree, and appropriating water from another stream which was subject to appropriation and applying such water to the beneficial use which had been previously supplied by reason of the appropriation decreed to the appellant in the Moe-Harger case.

If appellant, after the decree in the Moe-Harger action was entered, was unable to secure the water decreed to him in that action, and in order to secure water for the purpose

of irrigating his land he made the appropriation from Pass creek involved in this action, and at the time such appropriation was made there was unappropriated water in Pass creek sufficient to irrigate appellant's land, and the same was diverted and actually applied to a beneficial use in the irrigation and cultivation of his land, by making such appropriation, if there was no other title to said water superior to appellant's in existence at the time such appropriation was made, then certainly the appellant acquired by such appropriation the right to such water, and all subsequent appropriations to the same water would be inferior to that of the appellant, and subsequent appropriators could only acquire a right to such surplus of water flowing in the stream in excess of prior appropriations, including that of the appellant. By appellant's appropriation the respondents' rights would in no way be curtailed or interfered with, and the respondents could only acquire what had not been secured by those prior to them in time. (Wiel on Water Rights, vol. 1, sec. 302.)

We are of the opinion, therefore, that the findings and judgment entered by the trial court are not sustained by the evidence. The judgment is *reversed,* and the trial court is directed to make findings and enter judgment in accordance with this opinion. Costs awarded to appellant.

Ailshie and Sullivan, JJ., concur.

Petition for rehearing denied.