(July 31, 1923.)

FRED J. KEILER and CLEMONT KEILER, His Wife, and JOE D. KEILER and GERTRUDE KEILER, His Wife, Respondents, v. A. D. McDONALD and AGNES McDONALD, His Wife, Appellants.

[218 Pac. 365.]

WATER AND WATER RIGHTS—SPRING ON GOVERNMENT LAND—SUBJECT TO APPROPRIATION—RIGHT TO PROTECT SAME.

1. The water of a spring situate wholly upon government land is subject to appropriation for beneficial use.

2. One who makes a filing upon any unoccupied public land takes the same subject to any vested and accrued water rights for domestic, mining, agricultural, manufacturing or other purposes which are recognized by the local laws, customs and decisions of courts.

3. One who acquires by appropriation the right to the use of the water of a spring situate wholly upon government land may restrain a subsequent patentee of such land, or his successor in interest, from any interference with the use of such water or the easement over which the same is conducted to his premises.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. John M. Flynn, Judge.

Action for an injunction. From judgment for plaintiffs, defendants appeal. *Affirmed.*

Ezra R. Whitla, for Appellants.

"A mere permissive use of the land of another is not adverse and cannot give an easement by prescription no matter how long it may be continued." (19 C. J. 887.)

"An easement by prescription cannot arise out of an agreement, license or a mere neighborly accommodation, but must be acquired adversely." (*Pinheiro v. Bettencourt,* 17 Cal. App. 111, 118 Pac. 941.)

Use under permission never ripens into title. (*Phoenix Ins. Co. v. Haskett,* 64 Kan. 93, 67 Pac. 446; *Atchison, T. & S. F. Ry. Co. v. Conlon,* 62 Kan. 416, 53 Am. St. 781, 63 Pac. 432; *Friday v. Henah,* 113 Iowa, 425, 85 N. W. 768; *Lambe v. Manning,* 171 Ill. 612, 49 N. E. 509; *Rose v. City of Farrington,* 196 Ill. 226, 63 N. E. 631; *Cleveland C. C. & St. L. Ry. Co. v. Munsell,* 192 Ill. 430, 61 N. E. 374; *Clarke v. Clarke,* 133 Cal. 667, 66 Pac. 10; *Brown v. Brown,* 18 Ida. 345, 110 Pac. 269.)

Potts & Wernette, for Respondents.

"When a part of the public domain over which water of an appropriator is carried is conveyed by the government, it is burdened by the easement granted by the United States to the appropriator, who holds his right against the

Publisher's Note.

3. Prescriptive right of individual to take water from another's well or spring, see note in Ann. Cas. 1917A, 881.

land under an express grant by the act of 1866.'' (*Smith v. Hawkins,* 110 Cal. 122, 42 Pac. 453.)

''This act is an unequivocal grant of a right of way over public lands of existing ditches and canals, for the purposes therein mentioned, and a recognition of a pre-existing right of possession.'' (*Tynon v. Despain,* 22 Colo. 247, 43 Pac. 1039; *Broder v. Natoma Water etc. Co.,* 101 U. S. 274, 25 L. ed. 790; *Jennison v. Kirk,* 98 U. S. 453, 25 L. ed. 240; *Hobart v. Ford,* 6 Nev. 77.)

''This act recognizes the right of the prior appropriator of waters from the public domain, even as against the United States, and its grantees, if said appropriation was authorized by the statute of the state where the appropriation was made.'' (*Osgood v. El Dorado Water etc. Co.,* 56 Cal. 571; *Howell v. Johnson,* 89 Fed. 556; *Childs v. Sharai,* 8 Ida. 378, 69 Pac. 111; *Le Quime v. Chambers,* 15 Ida. 405, 98 Pac. 415, 21 L. R. A., N. S., 76.)

One who has a water right and the right to a ditch or pipe-line to convey the water, under the state and federal statutes, has the right to change the course by means of which the water is being conveyed, with the consent of the servient tenant, and it does not thereby make him a licensee. (*McQuire v. Brown,* 106 Cal. 660, 39 Pac. 1060, 30 L. R. A. 384; *Ramelli v. Irish,* 96 Cal. 214, 31 Pac. 41; *Jacob v. Lorenz,* 98 Cal. 322, 33 Pac. 110; *Oliver v. Agasse,* 132 Cal. 297, 64 Pac. 401.)

WILLIAM A. LEE, J.—This action was commenced by respondents against appellants to restrain them from interfering with their right to the use of the water of a certain spring and an easement claimed by them to conduct this water over appellants' lands to their lands. Appellants cross-complained, asking to have title to their land quieted in them as against such easement and right to the use of the water of this spring.

The cause was tried by the court, and it made findings of fact and conclusions and entered judgment thereon, confirming respondents' right to the use of the waters of said

spring and of an easement over appellants' lands to conduct this water to their lands. It enjoined appellants from interfering with this right, and dismissed the cross-complaint. From this judgment defendants appeal.

The findings, which are supported by the evidence, are in effect as follows: That Fred J. Keiler, his wife Clemont Keiler, and Joe D. Keiler have for more than six years last past owned as tenants in common the E. ½ of the E. ½ of the N. W. ¼ of sec. 34, T. 52 N., R. 5 W., B. M., in Kootenai county, Idaho; that they derived their title through certain mesne conveyances from David F. Finney, who homesteaded the land and obtained patent thereto from the government in 1903.

That appellants are the owners of the N. ½ of the N. E. ¼ of said sec. 34, and derived their title thereto through certain mesne conveyances from Albert W. Francis, who homesteaded this land and received patent thereto from the government in 1908.

That there is a good spring of water, which rises on appellants' land and flows the entire year; that in 1896 said Finney, then being in possession of the land now owned by respondents, and who subsequently acquired patent to it from the government, appropriated all of the water of said spring, it being wholly upon the premises now owned by appellants, such premises then being unpatented government land, and conducted the same to his land; that said water from this spring has ever since been continuously used for domestic purposes and to irrigate the lands occupied by said Finney and his successors in interest, including respondents; that such use has been continuous, open, notorious, exclusive and adverse by the original appropriator and his successors in interest since said use was begun in 1896, up to the present time, and said easement has also been continuously used during all of this time to convey this water over the premises of appellants, the water being first conducted by wooden conduits on the surface of the ground, but since 1904 has been conducted through iron pipes laid underground; that shortly before the commencement of this action

appellants constructed a roadway over the pipe-line, and thereby destroyed its efficiency as a conduit for said water, and refused to permit respondents to go upon their premises to repair the same.

The judgment of the court below was that respondents had acquired the right to the use of the water of said spring situate on appellants' premises, with a right to maintain the pipe-line extending from said spring to respondents' said premises; that respondents are entitled to the use of said water for domestic and irrigating purposes, and have a right to go upon appellants' premises for the purpose of keeping said spring, the waters thereof, and the pipe-line used for conducting the water, in repair. The judgment perpetually enjoined appellants from in any manner interfering with respondents' right to the use and enjoyment of the waters of this spring, from which judgment this appeal is taken.

Appellants assign many errors, and point out specifically wherein they contend the evidence is insufficient to support the judgment of the court below. The basic contention of appellants is that the right of respondents to the use of the waters of this spring, with the necessary right of ingress and egress over their premises to conduct the same to respondents' land, has been only a permissive right by the owner of the servient estate, and therefore was subject to revocation at will by such owners.

This position is wholly at variance with the entire theory of the law with reference to the right to appropriate and use the unappropriated public waters of the state, including that of natural springs. Some of counsel's contentions might be tenable in sovereignties that do not recognize rights to the prior use of water, but such principles have no application in any of the jurisdictions which recognize the right to appropriate water for beneficial use.

The facts of this case and the legal questions involved are quite analogous in many respects to those involved in *Short v. Praisewater,* 35 Ida. 691, 208 Pac. 844, wherein it is held that the waters of a spring situate upon government land are subject to appropriation, and that after the same have

been appropriated and applied to a beneficial use, one who thereafter secures title from the government takes such title:

"Subject to any vested and accrued water rights for mining, agricultural, manufacturing or other purposes and rights to ditches and reservoirs used in connection with such water rights as may be recognized by the local laws, customs and decisions of courts, etc."

The foregoing reservation is authorized by U. S. Rev. Stats., sec. 2339, and is found in all patents issued since the passage of said act. U. S. Rev. Stats., sec. 2288, as amended by acts of Mar. 3, 1891, and Mar. 3, 1905, recognizes the right of a homestead entryman to transfer by warranty against himself a right of way for railroads, telegraph, telephones, canals, reservoirs or ditches for irrigation or drainage across the lands included within his homestead, and authorizes a transfer for such purpose.

It is clear that the predecessors in interest of respondents lawfully initiated a valid right to the use of the water of this spring, which was then upon unpatented government land, and afterward perfected the same, by applying such water to a beneficial use, openly, notoriously and adversely, under a claim of right. This constitutes a valid appropriation under the laws of this state. (*Hall v. Blackman,* 8 Ida. 272, 68 Pac. 19; *Sand Point Water etc. Co. v. Panhandle Dev. Co.,* 11 Ida. 405, 83 Pac. 347; *Nielson v. Parker,* 19 Ida. 727, 115 Pac. 488; *Furey v. Taylor,* 22 Ida. 605, 127 Pac. 676; *Crane Falls Power etc. Co. v. Snake River Irr. Co.,* 24 Ida. 63, 133 Pac. 655.) That there has since been no abandonment of this right seems clear.

The judgment should be affirmed, and it is so ordered, with costs to respondents.

McCarthy, Dunn and William E. Lee, JJ., concur.

Petition for rehearing denied.