(June 23, 1900.)

# BROSSARD v. MORGAN.

[61 Pac. 1031.]

FINDINGS—REVIEW ON APPEAL.—In the absence of evidence, the findings of fact cannot be reviewed upon appeal, or their correctness questioned.

WATER RIGHT—STATUTE OF LIMITATIONS.—To bar the claim of a senior appropriator of water by limitation, or lapse of time, in favor of a junior appropriator, the latter must show continuous adverse possession and use in himself, accompanied by claim of title, and such possession and use as excludes the senior appropriator from the possession and use of such water.

ADVERSE POSSESSION AND USE OF WATERS.—A right to the use and possession of the waters of a stream may be acquired by prescription, only when accompanied by claim of title, and by such possession and use as excludes other claimants from the use and possession thereof.

SAME.—Plaintiff appropriated, diverted and used for the irrigation of their certain lands, two hundred and twenty inches of the waters of Stockton creek, and continuously used same from the date of appropriation, May 1, 1870, to the commencement of the action, July 25, 1893; defendant appropriated one hundred and fifty inches of water from said stream, May 1, 1880, and continuously used same for irrigating his lands up to the time of the commencement of the action, but did not deprive the plaintiffs of the possession and use of the waters claimed by him. *Held*, that plaintiffs were not bound by limitation from asserting prior rights to the use of said stream against the defendant, and that the right of the latter is subordinate to those of the plaintiff.

PLEADING AND PRACTICE—AMENDMENT TO CROSS-COMPLAINT.—It is not necessary to deny affirmative allegations in an amendment to a cross-complaint made by a defendant, when such allegations were contained, in substance, in the original cross-complaint of the defendant, and denied by the answer of plaintiff thereto.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

Dietrich & Stevens, A. A. Fraser and John T. Morgan, for Appellants.

A water right is real estate and subject to all of the rights and limitations of real estate. (*Wyatt v. Irrigation Co.*, 18

Colo. 298, 36 Am. St. Rep. 280, 33 Pac. 144; *Travelers' Ins. Co. v. Childs,* 25 Colo. 360, 54 Pac. 1020.) A water right acquired by the user of water under a contract with an irrigation company is an incorporeal herditament descendible by inheritance to the owner's heirs and constitutes a freehold estate. (*Wyatt v. Larimer,* 18 Colo. 298, 36 Am. St. Rep. 280, 33 Pac. 144.) Where deeds to land include appurtenances to the land, the right to the water passed to the plaintiff like other appurtenances to real estate. (*Smith v. North Canyon Water Co.,* 16 Utah, 194, 52 Pac. 283.) Uninterrupted use for thirteen years of a certain quantity of water constitutes an abandonment. on the part of the former claimant. (*Smith v. North Canyon Water Co.,* 16 Utah, 194, 52 Pac. 283; *Ada Co. Farmers' Irr. Co. v. Farmers' Canal Co.,* 5 Idaho, 793, 51 Pac. 990; *McMasters v. Torsen,* 5 Idaho, 536, 51 Pac. 100.) A water right is not barred by acquiescence in an impairment thereof for less time than is required for adverse user. (*Mayberry v. Alhambra. Add. Water Co.,* 122 Cal. 152, 54 Pac. 530.) The right of the appropriator of water held to depend on the statute of limitations, as against a purchaser of land from the government only as to acts subsequent to the purchase. (*Wood v. Etiwanda Water Co.,* 122 Cal. 152, 54 Pac. 726; *McClure v. Koen,* 25. Colo. 284, 23 Pac. 1058; *Carson v. Gentner,* 33 Or. 512, 52 Pac. 506; *Kleyenstuber v. Robinson* (Ariz.), 52 Pac. 1117; *Dunniway v. Lawson,* 6 Idaho, 28, 51 Pac. 1032; *Union Water Co. v. Crairy,* 25 Cal. 509, 85 Am. Dec. 145; *Davis v. Gale,* 32 Cal,. 35, 91 Am. Dec. 554; *Evans v. Ross* (Cal.), 8 Pac. 88; *Smith. v. Logan,* 18 Nev. 149; *Wiggins v. Muscupiabe Land etc. Co.,* 113 Cal. 182, 54 Am. St. Rep. 337, 45 Pac. 160; *Becker v.. Marble Irr.* '*Co.,* 15 Utah, 225, 49 Pac. 892, 1119.) Ditches. and water rights are real estate under the Idaho Revised Statutes, section 2825. (*Ada Co. Farmers' Irr. Co. v. Farmers' Canal Co.,* 5 Idaho, 793, 51 Pac. 990; *State v. Corbit,* 116: Cal. 587, 48 Pac. 725; *Harris v. Harrison,* 93 Cal. 676, 29 Pac.. 325; *Wiggins v. Water Co.,* 113 Cal. 182, 54 Am. St. Rep. 337, 45 Pac. 160; *Senior v. Anderson* (Cal.), 47 Pac. 456, 457; *Smith v. Greene,* 109 Cal. 228, 41 Pac. 1022; *Greene v. Carrotta,* 72 Cal. 267, 13 Pac. 685.)

W. E. Borah, for Respondent.

We call the court's attention to the fact that the record fails to disclose the entry of the judgment or decree, from which the appeal is supposed to have been taken, and therefore there is nothing to appeal from so far as the judgment or decree is concerned, and the appeal is ineffectual. (*McLaughlin v. Dougherty*, 54 Cal. 519; *Meysan v. Chabrick*, 33 Kan. 640, 7 Pac. 213; *Kimple v. Conway*, 60 Cal. 71, 10 Pac. 189.) In view of the fact that there is no statement here, no bill of exceptions, no evidence before the court, and that the appeal was not taken within sixty days, we think we should not trespass upon the time of the court by discussing many of the propositions which are discussed in counsel's brief. (*Jones v. Quayle*, 3 Idaho, 640, 32 Pac. 1134; *Steffy v. Esler*, 6 Idaho, 228, 55 Pac. 239; *Zion's Merc. Inst. v. Armstrong*, 6 Idaho, 464, 56 Pac. 168; *Young v. Tiner*, 4 Idaho, 269, 38 Pac. 697.)

QUARLES, J.—This action came before us and was considered upon a former appeal (see *Brossard v. Morgan*, 6 Idaho, 479, 56 Pac. 163), when this court refused to reverse an order granting a new trial. Upon a retrial of the cause the lower court found that the plaintiffs (respondent here) were prior appropriators of the water of Stockton creek, claimed by them, and which is in dispute, and decreed their rights to be prior in time to those claimed by the appellant. This appeal is upon the judgment-roll, so far as the appeal from the judgment is concerned; the evidence not being in the record, either by way of bill of exceptions, or statement on motion for new trial. The findings were filed April 28, 1899, and a decree in accordance therewith was made and entered on that day. August 8, 1899, the appellant moved the court to correct the findings and decree in certain particulars. This motion was denied, and appellant also appeals from the order denying said motion. The appellant waives, on this appeal, his said motion, in so far as it seeks to correct the findings of fact, and it is well that he does so. In the absence of the evidence, the findings of fact cannot be reviewed on appeal, or their correctness questioned.

The court found that the lands of all the parties were arid—not susceptible of producing crops without irrigation—and that the appropriation, diversion, and user of the water of Stockton creek by the parties and their predecessors in interest, respectively, had been continuous, and for useful and beneficial purposes, and that same had been in quantity and at times as follows: By plaintiff Brossard, one hundred and fifteen inches, May 1, 1870; by plaintiff Van Ness, one hundred and five inches, May 1, 1870; by the intervenor, Hadley, twenty-five inches, May 1, 1870; and that by defendant, Morgan, one hundred and fifty inches from and since May 1, 1880. The court also found that the quantity of water claimed by each of the parties was necessary for the irrigation of their said lands, respectively, and that there was no source of supply, other than Stockton creek, from which water could be obtained for the irrigation of said lands. The findings are supported by the pleadings, and the judgment follows the findings. It follows that the appeal from the order denying the motion made by the defendant to correct the judgment is without merit.

The appellant urges that the judgment should be reversed upon the judgment-roll, and discusses a number of questions tending to such result, all based upon the statute of limitations. He argues that a water right is real estate, that it is appurtenant to land, that it passes with land, and that, like the land itself, the title thereto may be lost by adverse possession and user, or gained by prescription. We do not controvert any of these propositions, but agree with them. Appellant then argues that inasmuch as the findings of fact establish that he has used one hundred and fifty inches of the waters of Stockton creek continuously since May 1, 1880, a period of thirteen years prior to the commencement of this action, he has acquired a prescriptive right thereto as against all the world, and that he is fully protected by the statute of limitations. There is no merit in this contention. The findings establish that during the time that defendant was appropriating, diverting, and using the waters claimed by him the plaintiffs were appropriating, diverting, and using for beneficial purpos s (not wasting) the waters claimed by them, respectively. Hence there was no adverse

user of the waters claimed by the plaintiffs by the defendant. As against the plaintiffs, the use of waters from Stockton creek lacked every essential element of adverse use and possession. There was no deprivation of possession or use as against plaintiffs, and no claim of adverse title asserted against them by defendant. Without these essentials, there was and could be no adverse possession or user of the water claimed by the plaintiffs on the part of the defendant. Hence, his plea of the statute of limitations must fail. The right to divert and use for necessary irrigation the water of a stream in this state may be acquired by prescription, and consequently may be lost by adverse user. But, to bar the claim of a prior appropriator to such use of water appropriated by him on the ground of continuous adverse user by a junior appropriator, the former must be excluded from such use by the latter. No such condition is shown by the record before us. It is true that the findings are that defendant has continuously used one hundred and fifty inches of the water in dispute, but it is also found that plaintiffs have continuously used the water claimed by them. Hence plaintiffs have not been deprived of the possession or use of such waters, and it necessarily follows that the appropriation of the defendant, being subsequent in time to that of plaintiffs, is and must be subordinate in right to the appropriations of the plaintiffs. It is a matter of common history that in this intermountain region the snowfall in the mountains is the source of the water supply for our streams. This snowfall varies, being heavy some years and light in other years. In the winter of 1888-1889 the snowfall was very light, with the result that all streams were low, and in many instances did not furnish near water enough for the settlers, out of which many disputes arose. It requires but little reflection to realize that under such circumstances it would be impossible to give a junior appropriator all of the water that he might have used for the five next preceding years, when by reason of failure in supply the stream in a given year should be inadequate to supply the prior appropriations without interfering with the rights of prior appropriators. The rule in this state, both before and since the adoption of our constitution, is, in cases like the one under

consideration, that he who is first in time is first in right. This rule is not only just and equitable, but is based upon reason and necessity. Tested by this rule, the judgment in the case at bar is correct, and must be affirmed.

It was argued on behalf of the appellant, in the oral argument, that the judgment and findings are not supported by the pleadings, inasmuch as the defendant filed an amendment to his cross-complaint, alleging affirmative matter, and that the allegations of such amendment had not been denied by the plaintiffs. We have carefully examined the pleadings, and find that the allegations of said amendment to defendant's cross-complaint are, in substance, a reiteration of allegations setting forth facts upon which to base a plea of the statute of limitations contained in the original cross-complaint of the defendant, and which had been denied in the answer of plaintiffs to said cross-complaint. Hence said amendment was not material, being simply a repetition by the defendant of matter upon which issue had theretofore been joined by the parties, and no answer to said amendment was necessary. An order striking said amendment from the files would have been proper. Judgment and order appealed from are affirmed. Costs awarded to respondents.

Huston, C. J., and Sullivan, J., concur.