(June 15, 1904.)

## MOE v. HARGER.

[77 Pac. 645.]

APPEALS—WHEN WILL BE DISMISSED—JURISDICTIONAL QUESTION.

  1. An appeal is not taken until the notice thereof is filed and served, both of which acts must be done within the statutory time.

  2. The taking of an appeal is a jurisdictional question, and the court has no power to extend the time therefor, or to cure any defect therein.

  3. On an appeal from the judgment, where the same has not been taken within sixty days after the rendition thereof, the appellate court cannot examine the evidence for the purpose of ascertaining whether or not it supports the decision or verdict.

(Syllabus by the court.)

APPEAL from District Court in and for Custer County. Honorable K. I. Perky, Judge.

From a judgment in favor of William Boone, respondent, and an order refusing a new trial, J. H. Baxter appeals. Appeal from order denying new trial dismissed and judgment affirmed.

Hawley, Puckett & Hawley, for Appellant Baxter, cite no authorities upon the points decided by the court.

N. H. Clark, for Respondent Boone, cites no authorities.

AILSHIE, J.—Counsel for respondent has moved for a dismissal of the appeal from the order denying the motion for a new trial on numerous grounds, the principal of which is the third: "That the appeal from the order overruling appellant's motion for a new trial was not filed within sixty days after said order was filed for record, said order having been filed September 29, 1903, and the notice of appeal filed December 4, 1903." The notice of appeal having been filed more than sixty days after the filing of the order refusing a new trial, this court has not acquired jurisdiction to consider such appeal.

Under subdivision 3 of section 4807, Revised Statutes, an appeal from an order granting or refusing a new trial must be taken "within sixty days after the order . . . . is made on the minutes of the court or filed with the clerk."

This is a jurisdictional question and the court has no power to. extend the time or cure the defect. On this question there is a unanimity of opinion among the courts. The notice of appeal appears to have been prepared at Boise by appellant's counsel on the sixtieth day and mailed on the same day to the clerk of the district court at Challis. The notice appears to have also been served on the same day. An appeal is not taken, however, until the notice is filed and served, both of which acts. must be within the statutory time. (See Rev. Stats., sec. 4808.) From the affidavit of one of appellant's attorneys it seems that the tardiness in preparing and filing this notice of appeal was brought about by the failure and neglect of the clerk of the district court to answer letters written by the attorneys for information concerning the files and records of the case. We have. no doubt but that if the clerk had answered the communications directed to him—as most persons would have done—we would not be under the necessity of dismissing the appeal. These delinquencies, however, are matters between the appellant and the clerk, and do not justify us in assuming jurisdiction of an appeal which has not been taken within the statutory time.

The appeal from the order refusing a new trial will be dismissed. This leaves the case here on appeal from the judgment.

Since the only complaint made on this appeal is the insufficiency of the evidence to support the findings and judgment, and the appeal from the judgment having been taken more than sixty days after the rendition thereof, we are not at liberty to consider that question. (Rev. Stats., sec. 4807.) The judgment is affirmed, with costs to respondent.

Stockslager, J., concurs.

Sullivan, C. J., did not sit at the hearing and took no part in the decision.