(December 31, 1924.)

## A. L. PENCE and VAN DEUSEN BROTHERS CO., a Corporation, Respondents, v. FRANK D. SHIVERS, Appellant.

[232 Pac. 568.]

PRIORITY RIGHTS TO THE USE OF WATER—ADVERSE USER—CONFLICTING EVIDENCE—FINDINGS—DECREE.

1. A right to the use of the waters of a stream may be acquired by prescription only when accompanied by such possession and use as excludes other claimants from the use thereof.

2. Where the findings of the trial court in an action involving priority rights to the use of water have ample support in the evidence, so far as material to the decree entered, the decree will not be disturbed, although the evidence is conflicting.

APPEAL from the District Court of the Seventh Judicial District, for Payette County. Hon. B. S. Varian, Judge.

Action to determine priority rights to the use of the waters of a stream. Decree for plaintiff. *Affirmed.*

Ed. R. Coulter and Fred C. Erb, for Appellant.

The use of waters of Dry Creek by the Pences did not amount to an appropriation of same. (1 Kinney on Irrigation, secs. 380, 885, 911, 916; 2 Kinney on Irrigation, pp. 1365, 1369, 1547, 1552; *Van Camp v. Emery,* 13 Ida. 202, 89 Pac. 752; *Combs v. Agricultural C. Co.,* 17 Colo. 146, 31 Am. St. 275, 28 Pac. 966; *Stickney v. Hanrahan,* 7 Ida. 424, 63 Pac. 189; *Washington State Sugar Co. v. Goodrich,* 27 Ida. 26, 147 Pac. 1073; *Kirk v. Bartholomew,* 3 Ida. 367, 29 Pac. 40; *Clark v. Hansen,* 35 Ida. 449, 206 Pac. 808.)

J. T. Pence and D. A. Dunning, for Respondents.

The first appropriation of water for a useful or beneficial purpose gives a better right thereto. (*Malad Valley Irr. Co. v. Campbell,* 2 Ida. 411, 18 Pac. 52; *Drake v. Earhart,*

2 Ida. 750, 23 Pac. 541; *Brossard v. Morgan*, 7 Ida. 215, 61 Pac. 1031; *Hutchinson v. Watson*, 16 Ida. 484, 133 Am. St. 125, 101 Pac. 1059; *Nielson v. Parke*, 19 Ida. 727, 115 Pac. 488; *Brose v. Board*, 20 Ida. 281, 118 Pac. 504; *Hillman v. Hardwick*, 3 Ida. 255, 28 Pac. 438; *Mellen v. Great Western Beet Sugar Co.*, 21 Ida. 353, Ann. Cas. 1913D, 621, 122 Pac. 30.)

Collecting water along natural watercourses at place of seepage gives no additional right. (*Malad Valley v. Campbell, supra;* 2 Kinney on Irrigation, 2d ed., p. 1135; *Buckers Irr. Mill etc. Co. v. Farmers Indep. Ditch Co.*, 31 Colo. 62, 72 Pac. 49.)

Use must be hostile. (*Bowman v. Bowman*, 35 Or. 279, 57 Pac. 546; *Talbot v. Butte City Water Co.*, 29 Mont. 17, 73 Pac. 1111; *Rhodes v. Barnes*, 54 Wash. 145, 102 Pac. 884; *Fuller v. Azusa Irr. Co.*, 138 Cal. 204, 71 Pac. 98.)

Verdict or decision on substantially conflicting evidence will not be disturbed. (*Ainslie v. Idaho World Printing Co.*, 1 Ida. 641; *Cash Hardware v. Sweeney*, 9 Ida. 148, 72 Pac. 826; *Hawkins v. Pocatello Water Co.*, 3 Ida. 766, 35 Pac. 711; *Spencer v. Morgan*, 10 Ida. 542, 79 Pac. 459; *Johnson v. Fisher*, 23 Ida. 561, 131 Pac. 8; *Lott v. Oregon Short Line*, 23 Ida. 324, 130 Pac. 88; *Breshears v. Callender*, 23 Ida. 348, 131 Pac. 15; *Meeker v. Trapett*, 24 Ida. 198, 133 Pac. 117.)

BRINCK, Commissioner.—Frank D. Shivers appeals from a decree awarding respondents the prior right to the use of one and three-fifths second-feet, continuous flow, of the waters of Dry Creek, in Payette county, up to May 1st of each year, for the irrigation of respondents' lands, and enjoining appellant from interfering therewith.

Respondents own a ranch lying on the north side of Big Willow Creek in Payette county. Dry creek intersects and flows through their ranch and into Big Willow Creek at the south line of the ranch. Respondents have an ample water supply from Big Willow Creek to irrigate the greater part of their ranch, but to make this water available, the evidence

tends to show that it is necessary to maintain a ditch from Willow Creek some three or more miles in length, extending across gullies, and along hillsides for a portion of the distance, so that in the early part of the irrigation season it is very difficult to maintain the ditch because of mud and clay being washed into it. The evidence for respondents is that because of the conditions obtaining in the respects last mentioned, it has never been practicable to use the ditch from Big Willow Creek until the latter part of April or the early part of May of each year; so that their irrigation earlier than that time has in each season been by water taken from Dry Creek. The waters of Dry Creek were thus used upon respondents' ranch from an early time, there being evidence of some such irrigation upon a small area prior to 1880, gradually increasing thereafter as more land was brought into cultivation. The Dry Creek water ceases to flow in May or June of each year, while the Big Willow Creek water supply is available until July or later. In 1889 the then owner of respondents' ranch conveyed to their predecessors the whole ranch, together with its appurtenances, the deed specifically describing the water right from Big Willow Creek, without mentioning the water right from Dry Creek. However, the grantee in that deed and his successors continued the use of the waters from Dry Creek, and up to the year 1900 Dry Creek waters were used for the irrigation of some forty or fifty acres of respondent's ranch. In 1901 respondents' predecessors took out another ditch from Dry Creek, bringing under irrigation additional acreage on their ranch irrigated from that stream so that more than eighty acres was thus irrigated, and respondents' evidence tends to show that since that time the use of Dry Creek water upon their lands has not decreased, and that during the whole period the Dry Creek waters have been relied upon entirely for irrigation up until about the 1st day of May of each year, and that then those waters becoming insufficient in quantity, and it becoming possible to utilize the long ditch from Big Willow Creek, the principal irrigation after May 1st has been from Big Willow

Creek. Respondents' evidence also tends to show that no use ·by appellant or his predecessors ever interfered with their said use of the Dry Creek waters until the year 1920, at which time appellant took and claimed the right to the use of all the waters of Dry Creek for his farm situated on Dry Creek immediately above respondents' ranch. Based upon the conduct of appellant with reference to said water in 1920, respondents brought this suit to enjoin him from interfering with their water right and seeking to quiet their title to the use of the water from Dry Creek as against appellant. By cross-complaint appellant sets up his own prior use of Dry Creek and continued use adverse to respondents since 1902.

Appellant's land was not surveyed until about 1911, and he thereupon entered it as public land and acquired title in 1915. Prior to his entry, he had been since 1901 a squatter upon the land now owned by him. It had since 1893 been intermittently occupied, first by one Wilson, who made some use of the waters of Dry Creek to irrigate some of the land; then by one John Tiller, and finally by one Ayers, who went on the land in 1895 and moved away in 1899, although he claimed the land until 1901. Mrs. Wilson had filed on the water of Dry Creek and the Wilsons made some use of it for irrigating lands occupied now by appellant. There is evidence tending to show that Ayers made considerable desultory use of the waters of Dry Creek. The appellant settled on the land in 1901 and in 1902 began using the water from Dry Creek. There is no showing of any transfer of rights from any of his predecessors to their immediate successors, nor to himself, except that he offered in evidence a deed procured by him in 1901 from the Wilsons, purporting to convey their water right. This deed was not admitted except as impeachment of the witness Wilson, and appellant bases no error on that ruling. The only right, therefore, that he relies upon is the water right initiated by himself in 1902.

Appellant attacks only the insufficiency of the evidence to sustain certain findings of the court and the conclusions

of law and decree based thereon. The findings which are attacked are in substance that respondents and their predecessors since 1891 and prior thereto have been in peaceable possession of and have used upon their lands eighty inches continuous flow of Dry Creek waters up to May 1st of each year, and that that amount of water is necessary for the proper irrigation of their lands; that the waters of Dry Creek were adjudicated in 1897 by virtue of a decree adjudicating the waters of Willow Creek, in which decree Ayers, who then occupied the lands now owned by appellant, was a party and was adjudged to have no right to the waters of Dry Creek; that appellant did not claim the waters of Dry Creek adversely to respondents prior to 1920; that Wilson and Ayers made no substantial use of the waters of Dry Creek on their premises or any use interfering with the use of respondents.

Inasmuch as in 1901 respondents' predecessors did actually apply to beneficial use upon their land at least eighty inches of Dry Creek water, and appellant's water right was not initiated until the following year, the questions as to the sufficiency of the evidence to sustain any of the findings as to prior years, or as to the adjudication in 1897 are immaterial.

As to the use of the waters upon the lands of the parties respectively, subsequent to 1901, the evidence is conflicting, but there is ample evidence to sustain the finding that whatever use was made by appellant of the waters of Dry Creek, did not interfere with the use made by respondents up to May 1st of each year, and that if he did use the water, they also continued the use. which they had made in 1901. Appellant's use of water, therefore, could not constitute user adverse to that of respondents, and the priority of appropriation must govern, under the rule of *Brossard v. Morgan,* 7 Ida. 215, 61 Pac. 1031.

The findings of the trial court, at least so far as material to the decree entered, have ample support in the evidence, and should not be disturbed, although the evidence is conflicting. (*Morrison v. Morrison,* 38 Ida. 45, 221 Pac. 156;

*First National Bank of Emmett v. Cruickshank,* 38 Ida. 789, 225 Pac. 142; *Choate v. North Fork Highway Dist.,* 39 Ida. 483, 228 Pac. 885.)

The judgment of the trial court should therefore be affirmed.

McCarthy, C. J., and Budge and Wm. E. Lee, JJ., concur.

PER CURIAM.—The foregoing is hereby adopted as the opinion of the court, and the judgment of the trial court is affirmed, with costs awarded to respondents.