(No. 4891.  December 24, 1928.)

W. LEE HILL and GRANVILLE GAUCHAY, a Copartnership Doing Business Under the Firm Name and Style of HILL & GAUCHAY, Respondents, v. STEPHEN GREEN et al., Appellants.

[274 Pac. 110.]

E. W. Whitcomb, F. J. Cowen and Otto E. McCutcheon, for Appellants.

158

Holden & Coffin, for Respondents.

BUDGE, J.—This appeal involves the right to the use of certain of the waters of Indian Creek, a tributary of Medicine Lodge Creek, in Clark county. Respondents, by the construction of certain works, claimed to have salvaged, reclaimed and put to a beneficial use, 10.4 cubic feet per second of time of the waters of said creek. The court de-

creed to respondents 3 cubic feet per second of time of said waters, from which decree this appeal is prosecuted.

The court found, among other findings, that Indian Creek flows through a porous bed and channel and, except during extreme high water and flood season, a great part of Indian Creek becomes wholly lost by percolation into its bed before its juncture with Medicine Lodge Creek; that the water table in this vicinity is such that no water lost by percolation ever finds its way back into the bed of Indian Creek or into Medicine Lodge Creek, nor is there any subterranean flow supporting the surface flow, and during the irrigation season of each and every year, Indian Creek, prior to the construction of the works of respondents, contributed very little, if any, water to Medicine Lodge Creek; that in order to save the excessive losses of water in Indian Creek by percolation into the bed of said stream, on or about June, 1918, respondents and their predecessors in interest constructed certain works in and upon Indian Creek consisting of headgates, diversion works, flumes, conduits and other structures, by which the respondents diverted from Indian Creek for use upon their lands, 3 cubic feet per second of time of the waters of Indian Creek, all of which water had, from time immemorial, lost itself in the bed and channel of Indian Creek, and, by the construction of said dam and diversion works, respondents and their predecessors did save and recover 3 cubic feet per second of time of the waters of Indian Creek, and ever since on or about August 9, 1922, have applied the same to a beneficial use; that no part of Indian Creek has ever been dependent upon any subterranean flow whatever and that no water percolating the bed of Indian Creek finds its way back into said creek or supports the flow of said creek; that the waters of Indian Creek to the extent of 3 cubic feet per second of time, saved by respondents, prior to the building of the works did not form a part of the supply of Medicine Lodge Creek and would not and did not eventually flow into said creek.

Appellants state in their brief that there are practically but two questions involved; first, whether or not respondents, as a matter of law, can gain a superior right over prior appropriators from Medicine Lodge Creek by salvaging the waters as in their complaint alleged; and second, if such a superior right can be so acquired, is the evidence of that clear and convincing kind required to justify the court in awarding them such a superior right.

To our minds the case of *Reno v. Richards*, 32 Ida. 1, 178 Pac. 81, is decisive against appellants' contention. Conceding the opinion may be subject to some criticism in that it fails expressly to state that it must be shown that the increased surface flow would not reach prior appropriators by subflow, and that there must be a salvage of waters not theretofore used by prior appropriators in order that the right by salvage may be acquired, the general principles of law announced touching the salvage or saving of waters, and the prior right thereto, are correct.

There is no question but that the burden of proof rested upon respondents to show by competent evidence that the water salvaged by them had not theretofore been appropriated or used by others with prior rights. It being shown, however, that the water salvaged would not, if undisturbed, reach the point of diversion of prior appropriators, their supply would not be decreased, and they have, therefore, no cause for complaint.

The record in this case is voluminous and the testimony contradictory, but we think there is sufficient proof which, if uncontradicted, would support the decree. In such circumstances the decree will not be disturbed. (*Neil v. Hyde*, 32 Ida. 576, 186 Pac. 710.)

Other errors are suggested, but they are not of such character as would warrant the reversal of the decree. The judgment is affirmed. Costs to respondents.

Wm. E. Lee, C. J., Taylor, J., and Hartson, D. J., concur.

GIVENS, J., Concurring Specially.—Construing the findings, conclusions and decree, as amended, as holding that Hill and Gauchay, respondents, in diverting water through their concrete flume and conveying it thence on to their lands, should not interfere with what otherwise would be the surface flow from Indian Creek to Medicine Lodge Creek, I concur. In other words, the surface flow below the lower end of the flume and where Indian Creek joins Medicine Lodge Creek is to be maintained as though Hill and Gauchay had not diverted any water into their flume.