(No. 5542. April 9, 1931.)

ST. JOHN IRRIGATING COMPANY, a Corporation, Appellant, v. ASA H. DANFORTH, H. O. KENT, MARVIN A. BUTLER and JAMES BURNHAM, Respondents.

[298 Pac. 365.]

Jones, Pomeroy & Jones, for Appellant.

Merrill & Merrill and J. H. Andersen, for Respondents.

GIVENS, J.—Appellants sued to quiet title to the waters of certain springs, as flowing into Sheep Creek, thence into Dairy or Meadow Creek, alleged tributaries of the Little Malad River, and covered in an appropriation thereof, and therefrom decreed in a former water adjudication, *St. John Irr. Co. v. Thomas Daniels et al.,* involving the waters of the Little Malad River, November 13, 1888, in the district court of the third judicial district of the territory of Idaho, in and for Oneida county, afterwards known as the fifth judicial district of the state.

Respondents denied that the waters of said springs flowed into Dairy or Meadow Creek, hence were not so adjudicated, and that respondents' predecessors had developed the waters of said springs as independent of Dairy or Meadow Creek, or that if the waters of said springs had ever flowed into Dairy or Meadow Creek, or been used by appellant, appellant had abandoned such waters, and respondents or their predecessors had acquired a prescriptive right to them by adverse use.

The court found that the waters of said springs had not been appropriated by appellant, or if they had, such water had been abandoned by appellant in 1906, and that respondents or their predecessors, had in 1914 and 1915, developed the waters of said springs, and since that time adversely used them for the requisite prescriptive period.

The springs in question were near a depression claimed by appellant to constitute Sheep Creek, flowing into Dairy or Meadow Creek. At the claimed point of confluence, the

channel of Dairy or Meadow Creek was marshy, boggy, and there was thereby considerable loss of water. To avoid this, a by-pass channel or ditch was constructed by appellant along the side of Dairy or Meadow Creek, opposite that on which Sheep Creek entered, and from a point above thereof, in point of elevation to a point below, with, as claimed by respondents, an impervious dyke or bank on the upper side of said by-pass, channel or ditch, thus effectually preventing any waters of Sheep Creek entering as a surface flow into the lower reaches of Dairy or Meadow Creek, thence to appellant's canal.

No evidence of any subsurface flow was offered. It was further shown that the lower part of so-called Sheep Creek immediately above the point where it did, or is supposed, to flow into Dairy or Meadow Creek, had been plowed clear across and put in cultivation, and that the springs in question had for years not flowed a stream and were developed by respondents or their predecessors, and then flowed a stream only on to their respective properties, for slight irrigation and domestic use. Appellant produced evidence opposed in some particulars to the above.

If the waters of these springs flowed through Sheep Creek into Dairy or Meadow Creek, thence into the Little Malad River, at the time of, and previous to, the former adjudication above referred to, and constituted part of the waters of Dairy or Meadow Creek, such decree was *res adjudicata* giving such waters to appellant. (*Joyce v. Murphy Land & Irr. Co.,* 35 Ida. 549, 208 Pac. 241.)

If, however, such waters were so adjudicated, but later abandoned, and prescriptively used by respondents, they are entitled to such waters. (*Mellen v. Great Western Beet Sugar Co.,* 21 Ida. 353, Ann. Cas. 1913D, 621, 122 Pac. 30.)

Abandonment is a matter of intent, coupled with corresponding conduct; thus a question of fact. (*Hurst v. Idaho-Iowa Lateral & Reservoir Co.,* 42 Ida. 436, 246 Pac. 23; *Union Grain & Elevator Co. v. McCammon Ditch Co.,* 41 Ida. 216, 240 Pac. 443; *Albrethsen v. Wood River Land Co.,* 40 Ida. 49, 231 Pac. 418; *Syster v. Hazzard,* 39 Ida.

580, 229 Pac. 1110; 1 Wiel on Water Rights, 3d ed., p. 604, sec. 567.)

 Also, if the waters of these springs never flowed into Dairy or Meadow Creek, but the flow of the springs was developed by respondents or their predecessors, as new water, independent of surface connection with the Dairy or Meadow Creek, and there is no evidence of underground connection or interference, respondents are entitled to such developed waters. (*Hill v. Green,* 47 Ida. 157, 274 Pac. 110; *Basinger v. Taylor,* 36 Ida. 591, 211 Pac. 1085; *Reno v. Richards,* 32 Ida. 1, 178 Pac. 81.)

If the waters in question flowed into and through Sheep Creek, and Dairy or Meadow Creek, but were abandoned, and adversely possessed by respondents or their predecessors for the prescriptive period, respondents would be entitled to them. (*Albrethsen v. Wood River Land Co., supra; Pence & Van Deusen Bros. Co. v. Shivers,* 40 Ida. 181, 232 Pac. 568.)

The evidence though conflicting, sufficiently sustains and warrants the findings and conclusions. (*Mellen v. Great Western Beet Sugar Co., supra.*)

Judgment affirmed. Costs to respondents.

Lee, C. J., and Budge, Varian and McNaughton, JJ., concur.