(No. 5938.   January 18, 1934.)

FRANCES   SILKEY,   Respondent,   v.   H.   W.   TIEGS,
THOMAS F. EDWARDS and J. RYAN, Appellants.

[28 Pac. (2d) 1037.]

Edwin Snow, for Respondent.

T. L. Martin, for Appellants.

GIVENS, J.—Respondent and appellants separate appropriators of water from an artesian basin, were adjudicated priorities June 13, 1930, the court retaining provisional supervision for two years, authorizing the Commissioner of Reclamation to make measurements and tests, the wells of Tiegs and Ryan to be fitted with measuring devices, otherwise to remain closed, contemplating if such action would thereby appear justified, allowing increased amounts to the junior appropriators within the limits of their appropriations. Appellants sought unavailingly (*Silkey v. Tiegs*, 51 Ida. 344, 5 Pac. (2d) 1049) relief both from such priorities and the provisional feature.

Before the expiration of the two years, appellants petitioned the trial court to continue such provisional jurisdiction and tests thereunder and:

"That until further order of the court, said commissioner shall permit such quantity of water to flow from the wells of defendants as shall be available to them, without depleting the flow from plaintiff's wells below 21 miners inches;

"That such other and further order be made and entered as shall be necessary to permit defendants to use the available supply of water from their wells, the use of which will not deplete the amount available to and discharged by plaintiff's wells, as shown by the measurements made and to be made by said Commissioner of Reclamation." Respondent asked to have the Edwards well closed entirely.

Appellants' motion was supported by their respective affidavits all in substance as follows: That their wells (except Edwards') have remained closed since June, 1930, with the exception of a very slight intermittent flow, of such small amounts as to not affect the artesian basin, and that Edwards did not use the full amount decreed to him; and the Commissioner of Reclamation's measurements of discharges and available discharges from all wells.

Respondent filed a counter-affidavit to the effect that appellants had used more water than they asserted (which was denied by one of the appellants), also that another well

opened by one not a party to the proceedings, subsequent to the first trial of the action herein, tapped the basin.

Appellants argue now, as on the first appeal, and on application for rehearing, that respondent never has been able to obtain more than 21 inches from her wells, that there is 140 inches of water available in the basin and that the withdrawal of that amount, or at least 60 inches, does not and never has injuriously affected respondent and that not to permit such withdrawal is to permit such excess to be wasted by not being put to a beneficial use, with no corresponding benefit to respondent.

In the first trial the court in effect found upon sufficient though conflicting evidence that respondent had used and there was available for use from her wells 40 inches, prior to the time appellants' wells were operated; this upon affirmance became the law of the case and a final adjudication of her rights, as did the determination of appellants' priorities. (*Joyce v. Murphy Land etc. Co.,* 35 Ida. 549, 208 Pac. 241; *South Boise Water Co. v. McDonald,* 50 Ida. 409, 296 Pac. 591; *St. John Irr. Co. v. Danforth,* 50 Ida. 513, 298 Pac. 365.)

Appellants now urge as a basis of their right to have respondent's heretofore determined prior amount of water decreased, that she cannot now obtain that amount, though the determination of this precise issue by the trial court in the previous trial was based upon the conclusion that the appellants were responsible for such decrease, if any.

The trial court by denying appellants' motion herein indicated he was not satisfied the provisional tests entitled them to more water, without interference with respondent's prior right. The burden was on appellants herein to sustain their motion by direct and convincing testimony, this language in *Moe v. Harger,* 10 Ida. 302, 77 Pac. 645, being particularly apt:

"This court has uniformly adhered to the principle announced both in the constitution and by the statute that the first appropriator has the first right; and it would take more than a theory, and, in fact, clear and convincing evi-

dence in any given case, showing that the prior appropriator would not be injured or affected by the diversion of a subsequent appropriator, before we could depart from a rule so just and equitable in its application and so generally and uniformly applied by the courts. Theories neither create nor produce water, and when the volume of a stream is diverted and seventy-five per cent of it never returns to the stream, it is pretty clear that not exceeding twenty-five per cent of it will ever reach the settler and appropriator down the stream and below the point of diversion by the prior user." (*Josslyn v. Daly*, 15 Ida. 137, 96 Pac. 568.) Likewise as to respondent's motion with respect to entirely closing the Edwards well.

Each counsel has diametrical theories as to what the evidence warrants as to the water their respective clients should receive. No engineer enlightens us, and adherence to the rule requiring protection of the prior appropriator, precludes relief to appellants on the showing presented.

The affidavits and showings above detailed are not sufficient to show that any good, without possible continuing hazard to respondent's rights, would be accomplished by continuing the provisional portion of the decree, even though the affirmance of the former decree was not an adjudication that two years was the maximum period for such study, fixing that as the limit, which point we do not decide, as unnecessary.

The judgment is therefore affirmed; costs awarded to respondent.

Budge, C. J., Holden and Wernette, JJ., and Rice, D. J., concur.