397 P.2d 761

**Everett E. CANTLIN, Plaintiff and Appellant,**

**v.**

**George N. CARTER, State Reclamation Engineer of the State of Idaho, or his successor, V. A. Coiner, Delmar Coiner, Wesley Thompson, Harold Sweeney, Matthew Schutter, Ervin G. Wilson and Marshall Watson, Defendants and Respondents.**

No. 9395.

Supreme Court of Idaho.

Dec. 22, 1964.

Robert F. McLaughlin, Mountain Home, for appellant.

Jones, Pomeroy & Jones, Pocatello, for
respondents.

McFADDEN, Justice.

On October 8, 1959, Everett E. Cantlin, the appellant herein, plaintiff in the district court, filed with the State Reclamation Engineer an application for a permit to appropriate 2.4 cubic feet per second of water "from swamp land near May, Idaho". The State Reclamation Engineer approved the application a few days later. Appellant some 18 months later submitted proof of completion of works, and sought to submit proof of application of the water to a beneficial use, but in the meantime, certain protestants, filed with the Department of Reclamation, (other than the State Reclamation Engineer), a protest to the granting to appellant of a license. The protestants, who are the respondents herein, asserted that they were land owners and users of water from Hardscrabble ditch, and that the water which appellant sought to appropriate by his permit was seepage water which the respondents had used and enjoyed during prior years; that they had superior rights to the water in question and would be injured if the department granted license to the appellant.

After receipt of the protest the State Reclamation Engineer issued an order denying the proof submitted by the appellant and cancelled the permit. The order stated:

"* * *

"WHEREAS, from information available to the Department of Recla-mation it appears that the source of water filed on is appropriated water and decreed to other parties in the case entitled John T. Bernard, Plaintiff, vs. S. F. Horn, et al, Defendants; and

"WHEREAS, it is evident that the water of this nature is not subject to appropriation under the terms and provisions of the permit law, and that the said Permit No. 28192 was erronrously issued;

"NOW THEREFORE, IT IS HEREBY ORDERED that the said Proofs of Completion of Works and Beneficial Use be denied; that said Permit No. 28192 be cancelled, set aside and held for naught;" and

* * * * * *

Appellant then filed in the district court his appeal from such order asserting in the petition on appeal,

"* * *

"That plaintiff's reasons for appeal from the judgment and order of the Commissioner are as follows:

"(1) That the facts do not sustain the judgment and order.

"(2) That the judgment is against law.

"(3) That the judgment is not sustained by the facts and the decree upon which the State Reclamation Engineer based his decision.

"(4) That under the facts and law the application should be granted for the following reasons:

"(a) That it is within the province of the Plaintiff to apply the water sought to be appropriated to the use proposed and that the applicant, and his predecessors have a beneficial interest in the subject matter.

"(b) That the swamp and seepage waters of Section 26, Township 15 North, Range 21 East of the Boise Meridian are public waters subject to appropriation under the constitution or the laws of the State of Idaho at the intended point of diversion and use.

"(c) That said application is based upon years of prior appropriation and use of said waters by the Plaintiff and his predecessors on the land within described.

"* * *"

The individuals who filed their protest with the State Reclamation Engineer were allowed to intervene as defendants in the district court. By their answer to appellant's petition, respondents admitted that appellant had filed his permit to appropriate the water; that such application had been approved and permit issued, and that the State Reclamation Engineer had later denied this proof and cancelled the permit.

They denied all other allegations of the petition.

The trial court after hearing the cause found:

"IV.

"* * * that the source or sources of water filed on by plaintiff under Permit No. 28192 was appropriated by predecessors of Vina Thompson and decreed to them under the following decrees of the Sixth Judicial Court of the County of Lemhi, State of Idaho, namely: J. B. Morrow, et al. plaintiffs vs. Joseph Wagoner et al, defendants, dated April 7, 1910; and John T. Bernard, plaintiff vs. S. F. Horn, et al, defendants, dated July 9, 1937.

"V.

"The Court further finds that there was no public water available for appropriation from the source or sources particularly described in plaintiff's permit No. 28192."

The trial court's conclusions of law and judgment entered in favor of respondents, sustained the order of the State Reclamation Engineer. From the judgment so entered, appellant appealed.

At the trial of the action before district court, the parties having stipulated as to the ownership of the land of the respective parties, the court found that the only issues presented by the pleadings were:

(1) whether the water sought to be appropriated was unappropriated by other parties; and (2) to determine the quantity so appropriated by appellant, if said water was subject to appropriation. This finding by the trial court was in accord with the following excerpt from the transcript:

"The Court: * * * The only point in issue is Mr. Cantlin's application and whether or not this water he has applied for is subject to appropriation and application to beneficial use in accordance with his application?

"Mr. McLaughlin: Yes. We feel that we are confined within the application itself, and the protestants are likewise confined to that issue."

Appellant's specifications of error are considered here as being directed to the ultimate question whether the trial court erred in finding that there was no public water subject to appropriation, or erred in entering the conclusions of law and judgment based on this finding. It is fundamental that issues not raised in the trial court will not be considered by this court on appeal and the parties will be held to the theory upon which the cause was tried in the lower court. Robinson v. Spicer, 86 Idaho 138, 383 P.2d 844. See cases therein cited.

The record discloses that the area of Lemhi county involved in this litigation is traversed by several streams and ditches. Hardscrabble ditch, through which appellant planned to take the water he sought to appropriate, was constructed some sixty years ago to divert water from Spring Creek. The water rights of numerous owners and users out of Spring Creek were first adjudicated by an action filed in the District Court of Lemhi County, in the case of J. B. Morrow, et al., plaintiffs, v. Joseph Wagoner, et al., defendants, the decree being dated April 7, 1910. On February 17, 1926, a decree was entered by the same court in the case of Hamilton, et al., plaintiffs, vs. W. G. Swendsen, Commissioner of Reclamation, et al., defendants, pertaining to the waters of Spring Creek and adjudicating the water rights to the users of Hardscrabble Ditch, which decree was supplemental to the previous decree in Morrow v. Wagoner. On July 9, 1937, a further decree involving water rights in the area was entered in the District Court for Lemhi County, in the case of John T. Bernard, plaintiff, v. S. F. Horn, et al., defendants, by which decree, among other things it was adjudged:

"* * *

"That there is also excepted from the waters to be diverted into the Bernard Ditch, the waters of Mayrick Creek and its tributaries, which waters, and all of the waters of Mayrick Creek, are hereby decreed to the defendant and

cross-complainant, Idaho Livestock Lands, Inc., provided, that said defendant and cross-complainant is to construct at its own expense, the necessary flumes, ditches, underpasses, and conduits, across or under what is known as the Bernard Ditch, * * *;"

The exhibits admitted in evidence show that the Hardscrabble Ditch runs northerly from its point of diversion from Spring Creek. A short distance north of its point of diversion this ditch is joined by a stream flowing from the east. This stream from the east, unanimously designated by the witnesses as Mayrick Creek or Thomas Creek, consists of two branches. The northerly branch rises from Mayrick Springs which are situate to the east of an old abandoned ditch designated as the Bernard or Ostrum Ditch. The southerly branch rises from certain springs west of the Bernard Ditch and somewhat south and westerly of Mayrick Springs.

Mr. Thompson, one of the respondents, testified that he is the successor in interest of the Idaho Livestock Lands, Inc., mentioned in the case of Bernard v. S. F. Horn, wherein there was decreed to the Idaho Livestock Lands, Inc., all the waters of Mayrick Creek. Although that decree required that the users of that water construct necessary flumes, ditches, underpass and conduits across or under Bernard Ditch, Mr. Anderson, one of the appellant's witnesses testified that the Bernard Ditch was completely abandoned. The requirement of maintaining conduits over Bernard Ditch becomes nugatory, under the terms of the decree, when the need therefore disappeared.

The record discloses that all the waters flowing in Hardscrabble Ditch have been used by the respective water users therefrom, including appellant and respondents herein. Mr. Coiner, one of the respondents testified:

"Q. Will you tell the court what, if anything happens to the water [referring to water of Mayrick or Thomas Creek] after it flows down to and intersects Hardscrabble Ditch?

"A. It just goes to make up part of our water out of Cotter [Hardscrabble Ditch] ditch.

"Q. Whom are you talking about?

"A. All the members of the ditch.

"Q. That you have stated?

"A. Yes, the six members.

"Q. Will you tell how that water is distributed?

"A. Proportionately.

"Q. Proportionately to what?

"A. To their decreed rights in the ditch."

Mr. Thompson testified that he had used the water from Mayrick [Thomas] Creek on lands owned by him for at least ten years. He also testified that no water-

master had ever measured the water under the Mayrick Creek decree (Bernard v. Horn case).

Mr. Anderson, a consulting engineer and geologist, called as a witness by appellant, testified it was his opinion that if all of the water from sources lying east of Bernard Ditch were diverted, there would still be sufficient water at Mr. Cantlin's point of diversion to supply the water sought by his filing. Nevertheless, the trial court found that no public water was available for appropriation from the source or sources described in appellant's permit.

■■■■ Idaho Constitution, Article 15, § 3 provides: "The right to divert and appropriate the unappropriated waters of any natural stream to beneficial uses, shall never be denied, * * *". A person desiring to appropriate the waters of a stream may do so either by actually diverting the water and applying it to a beneficial use, or he may pursue the statutory method by making an application to the Department of Reclamation for a permit, and fulfilling the requirements of the permit. Sand Point Water and Light Company v. Panhandle Development Company, 11 Idaho 405, 83 P. 347; Nielson v. Parker, 19 Idaho 727, 115 P. 488. By actually diverting and applying water to a beneficial use, a legal appropriation is made, notwithstanding application was not made to the State Reclamation

Engineer to prosecute such appropriation. Furey v. Taylor, 22 Idaho 605, 127 P. 676.

From the record before the court there was evidence that when the water flowing in Mayrick Creek (Thomas Creek) entered Hardscrabble Ditch, and was apportioned among the decreed users pro-rata to the amounts of their decreed rights, there was an application of such water to a beneficial use, and thus there remained no unappropriated waters subject to appropriation by appellant. This Court has long held that the State Reclamation Engineer has no right, power or authority to interfere with vested rights or to grant a permit for the appropriation and diversion of the water of a stream where the same has already been diverted and applied to a beneficial use. Nielson v. Parker, 19 Idaho 727, 115 P. 488; Youngs v. Regan, 20 Idaho 275, 118 P. 499.

■■■ A subsequent appropriator attempting to justify his diversion has the burden of proving that it will not injure prior appropriations. Moe v. Harger, 10 Idaho 302, 77 P. 645; Josslyn v. Daly, 15 Idaho 137, 96 P. 568; Jackson v. Cowan, 33 Idaho 525, 196 P. 216; Silkey v. Tiegs, 54 Idaho 126, 28 P.2d 1037. In Josslyn v. Daly, supra, at 15 Idaho 149, 96 P. at 571, this court stated:

"* * * It seems self-evident that to divert water from a stream or its supplies or tributaries must in a large

measure diminish the volume of water in the main stream, and, where an appropriator seeks to divert water on the grounds that it does not diminish the volume in the main stream or prejudice a prior appropriator, he should, as we observed in Moe v. Harger, 10 Idaho 305, 77 Pac. 645, produce 'clear and convincing evidence showing that the prior appropriator would not be injured or affected by the diversion.' The burden is on him to show such facts."

■■ It is a fundamental concept that under our constitution, water which has already been appropriated is not subject to appropriation by another, unless it has been abandoned by the original appropriator or his successor in interest. Idaho Const. Art. 15, §§ 3, 4, 5. Before any permit to appropriate water to a beneficial use can ripen into a right to use the water, it is basic that the permit holder must show a supply of unappropriated water. Idaho Const. Art. 15, § 3.

■ The record is devoid of evidence as to the actual amount of water flowing in Hardscrabble Ditch and used by the respondents over and above their decreed rights. Aside from an opinion given by one of appellant's witnesses, the record fails to show the amount of water at the claimed point of diversion that had not been adjudicated. The evidence is wholly insufficient to establish that any of the respondents had abandoned any right to the use of their decreed rights. I.C. § 42–222; Albrethsen v. Wood River Land Co., 40 Idaho 49, 231 P. 418; Graham v. Leek, 65 Idaho 279, 144 P.2d 475.

■ "This Court has repeatedly held that where conflicting evidence is submitted to a trial court sitting without a jury, either as a court of law or as a court of equity, the findings of the court on questions of fact will not be disturbed, where there is competent evidence to support them." Checketts v. Thompson, 65 Idaho 715, 152 P.2d 585. See also: Andrus v. Irick, 87 Idaho 471, 394 P.2d 304; Loosli v. Heseman, 66 Idaho 469, 162 P.2d 393; Belts v. State ex rel. Department of Highways, 86 Idaho 544, 388 P.2d 982; Knoblock v. Arenguena, 85 Idaho 503, 380 P.2d 898; Angleton v. Angleton, 84 Idaho 184, 370 P.2d 788.

■ The evidence before this court sustains the finding of the lower court that the source of water appellant sought to appropriate had previously been appropriated and that there was no public water available for appropriation from the source mentioned in appellant's permit.

The judgment of the trial court is affirmed. Costs to respondents.

KNUDSON, C. J., and McQUADE, TAYLOR and SMITH, JJ., concur.